CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 12 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH WEBSTER, Petitioner, | Civil Action No. 7:05-cv-00414 |
| v. | **MEMORANDUM OPINION** |
| B.A. BLEDSOE, Respondent. | By: Jackson L. Kiser Senior United States District Judge |

Petitioner Kenneth Webster, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Webster is challenging his December 6, 1988 conviction in the Superior Court of California for the County of Los Angeles for the sale of cocaine base. Petitioner pled guilty and was sentenced to three years imprisonment. Petitioner has already served this sentence.

Petitioner is currently incarcerated in the United States Penitentiary, Lee County pursuant to his December 4, 1991 conviction in the United States District Court for the Western District of Tennessee on one count of possession with intent to distribute cocaine base and one count of the carrying or use of a firearm in relation to a drug trafficking crime. On July 7, 1992 petitioner was sentenced to serve 360 months on the drug trafficking count and a consecutive sentence of 60 months on the gun count. Additionally, petitioner was sentenced to serve five years of supervised release.

Petitioner now challenges his guilty plea as to the December 6, 1988 conviction. As grounds for relief petitioner claims that counsel rendered ineffective assistance and that the guilty plea was unknowing and involuntarily entered. Specifically, petitioner claims that counsel failed to inform him of the nature of the elements of the charge and that the prosecutor threatened to indict his mother on additional charges if he failed to enter a plea.

A prisoner seeking to challenge a conviction entered in another state must file a § 2254 petition in the state of conviction, not the state of confinement. See Word v. North Carolina, 406 F.2d 352, 355 (4th Cir. 1969)(en banc). Petitioner was convicted in the Superior Court of California for the County of Los Angeles, accordingly he must file any habeas petition regarding that

1

conviction in California. This court could transfer Barnett's § 2254 motion to the Central District of California. However, Webster's petition is clearly untimely, thus I find it is not in the interest of judicial economy to transfer this matter.

Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). Section §2244(d)(2) provides that periods of time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under §2244(d)(1). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

However, for convictions which became final before the ADEPA's effective date, the limitations period began on April 24, 1996. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Therefore, absent tolling the period for filing a habeas petition expired on April 24, 1997. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

Accordingly to his petition, Webster was convicted and sentenced on December 6, 1988.

2

Petitioner did not appeal this conviction. However, petitioner did file a motion to dismiss his guilty plea in the Superior Court of Los Angeles; it denied on March 24, 1994. Petitioner thereafter filed his first habeas petition on this conviction; on April 10, 2002 it too was denied by the Superior Court of Los Angeles. As petitioner was convicted prior to the enactment of the ADEPA, the limitations period expired on April 24, 1997 and as the petitioner did not file his first habeas petition until well after the limitations period had expired, it did not toll the running of the limitations period. Furthermore, Webster has made no showing that the statute of limitations has been triggered anew by any event contemplated in § 2244(d)(1)(B)-(D) or that equitable tolling principles should be applied. Therefore, the limitations period expired on April 24, 1997.

Inasmuch as Webster did not file the instant petition until June 29, 2005, it is clearly outside the statute of limitations imposed by § 2244(d)(1)(A). Therefore, transferring his § 2254 motion to the United States District Court for the Central District of California would not comport with judicial economy because that court could not entertain his motion. Accordingly, this court declines to transfer Webster's motion and dismisses it without prejudice.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying

order to petitioner and to counsel of record for the respondent.

ENTER: This 12th day of July, 2005.

*Jackson L. Kiser*
Senior United States District Judge

4